```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**SOUTHERN DIVISION at LONDON**

| | |
|---|---|
| SULIF WILKINS, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. |
| ) | 6:21-cv-040-JMH |
| V. ) | |
| ) | |
| OFFICER KEITH, et al., ) | |
| ) | **MEMORANDUM OPINION** |
| Defendants. ) | **AND ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Sulif Wilkins is a federal inmate currently confined at Thomson AUSP in Thomson, Illinois. Proceeding without an attorney, Wilkins has filed a civil complaint against prison officials at the United States Penitentiary ("USP")-McCreary [DE 1]. However, Wilkins' complaint will be dismissed without prejudice.

Wilkins has not paid the filing and administrative fees, but has filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [DE 2]. However, Wilkins' motion is not supported by the financial information required by 28 U.S.C. § 1915(a)(2). Federal law requires that a motion to pay the filing fee in installments filed pursuant to § 1915 be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period

immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The Certificate of Inmate Account submitted by Wilkins has no information regarding his inmate account and is not certified by prison staff. [DE 2-1]. Thus, Wilkins' motion will be denied.

Even so, the Court may conduct a preliminary review of Wilkins' complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Wilkins' pleading under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Wilkins' factual allegations as true and liberally construes Wilkins' legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

The factual allegation of Wilkins' complaint states that he was left in leg restraints for 17 hours from April 29-30, 2020. [DE 1 at 3]. Based on this allegation, he seeks to bring claims of

2

"cruel and unusual punishment, negligence, [and] racial and religious discrimination" against Defendants Correctional Officers Keith, Sexton, and Jones and Psychologist Dr. Fields. His complaint makes no demand for relief. [DE 1].

First, Wilkins did not sign his complaint as required by Rule 11(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(a) (requiring that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."). Nor does Wilkins make a demand for the relief sought, a specific requirement of Federal Rule of Civil Procedure 8(a)(3). *See* Fed. R. Civ. P. 8(a)(3) (requiring a pleading stating a claim for relief to contain a demand for the relief sought).

In addition, even construing Wilkins' complaint broadly, his bare factual allegation is woefully insufficient to state a claim for which relief may be granted. A civil complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also* Fed. R. Civ. P. 8. "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

3

Wilkins' claims of cruel and unusual punishment, negligence, and racial and religious discrimination are based on his sole factual allegation that he was in leg restraints for 17 hours. However, a conclusory claim that defendants violated Wilkins' rights, with no factual allegations supporting such a claim, is insufficient to state a claim for relief. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."); *Laster v. Pramstaller*, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

Moreover, while *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), expressly validated the availability of a claim for damages against a federal official in his or her individual capacity, an officer is only responsible for his or her own conduct. *Iqbal*, 556 U.S. at 676-77. *See also Ziglar v. Abbasi*, 137 S.Ct. 1843, 1860 (2017). Thus, in order to recover against a given defendant in a *Bivens* action, the plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)).

4

Wilkins' allegations are made against the Defendants as a group, with no particular conduct attributed to any specific individual Defendant. However, a "[p]laintiff must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant," *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) (citations omitted). Indeed, "[e]ven a pro se prisoner must link his allegations to material facts . . . and indicate what each defendant did to violate his rights[.]" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill*, 630 F.3d at 471; *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). Wilkins failed to do so here.

For all of these reasons, Wilkins' complaint fails to state a claim for which relief may be granted and will be dismissed.

Accordingly, **IT IS ORDERED** as follows:

(1) Wilkins' motion to proceed *in forma pauperis* [DE 2] is **DENIED**.

(2) Wilkins' complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE.**

(3) This action is **DISMISSED** and **STRICKEN** from the Court's docket.

(4) Judgment shall be entered contemporaneously herewith.

This the 15th day of April, 2021.

5



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge